**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS |

No. 11-md-02295-JAH-BGS

Member cases:
   All member cases

Hon. John A. Houston

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen (collectively, "Plaintiffs") have filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit"). The Preliminary Approval Motion is unopposed by Defendants Portfolio Recovery Associates, LLC, and PRA Group, Inc. f/k/a Portfolio Recovery Associates, Inc. (collectively, "PRA"). The Court has read and considered the Settlement Agreement (the "Agreement"), the Preliminary Approval Motion, and the record in this case. The capitalized terms used in this Preliminary Approval Order have the same meaning as defined in the Agreement.

1

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.     <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

II.    <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>: The Court preliminarily finds that the settlement of the Action, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiffs' case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that Notice of the Agreement should be given to persons in the Class and a full hearing should be held on approval of the Agreement. The provisions of the Agreement are preliminarily approved and the Parties shall comply with its terms. All objections to the preliminary approval of the Settlement are overruled.

III.   <u>SETTLEMENT ADMINISTRATOR</u>: The Court approves the selection of KCC, LLC to be the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Agreement in accordance with the terms of the Agreement, including, but not limited to, distributing and providing the class Notice, receiving and examining Claims, calculating claims against the $18,000,000 Settlement Fund, preparing and executing all disbursements of the Settlement Fund

2

to Settlement Class Members whose Claims are approved, and handling inquiries about the calculation of the individual settlement amounts. All reasonable fees and costs of the Settlement Administrator shall be deducted from the Settlement Fund, and shall not be paid separately by PRA (apart from the creation of the Settlement Fund).

IV.     CAFA COMPLIANCE: In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the Agreement, the Settlement Administrator is ordered to serve written notice of the proposed settlement on the U.S. Attorney General and the appropriate state official of each state, unless such notice has already been served.

V.     CLASS MEMBERS: Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following class members:

3

1
2
3
4
5
6
7
8

> All natural persons residing in the United States who received one or
> more telephone calls from an autodialer or a predictive dialer operated
> by Defendants to such person's cellular telephone number between
> December 23, 2006 and July 1, 2013, inclusive, and who are listed in
> the csv data file titled pra_outbound_dial_list_20140304.zip produced
> to Plaintiffs' counsel.

9
10
11
12

Excluded from the Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

13
14
15
16
17
18
19

VI.    CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT:
The Court appoints Plaintiffs as the Class Representatives, Ethan Preston and Preston Law Offices and James O. Latturner and Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel, and the Law Offices of Douglas J. Campion, APC, as Liaison Counsel.

20
21
22
23
24
25
26
27

VII.    NOTICE AND CLAIMS PROCESS: The Court approves the claims process as set forth in the Agreement.  All claims must be submitted, or postmarked if mailed, no later than forty (40) days prior to the Final Hearing (*i.e.*, the deadline is currently October 26, 2016). The Court approves the form, content and method of notice as set forth in the Agreement. As further set forth in the Agreement, no later than thirty (30) days from the date of this order, the Settlement Administrator shall

28

4

(A) establish a settlement website containing appropriate Notice of the Settlement and (B) promulgate publication Notice as set forth in the Agreement. As set forth in the Agreement, no later than forty-five (45) days from the date of this order (but after the foregoing website is accessible to Class members), or by such time as is reasonably necessary, the Settlement Administrator shall complete sending Notice in post card format to each Class Member at his or her last known valid address. The Settlement Administrator will use a National Change of Address database to identify and update any outdated addresses in the data file containing the Class members, as set forth in the Agreement. Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Settlement Administrator to such forwarding address. The publication notice via online text and banner ads and comparable advertising venues shall continue until at least 30 days prior to the Final Hearing, or for such time and in such manner as the Settlement Administrator deems is necessary and proper for such publication notice, as set forth in the Agreement. No later than ten (10) business days prior to the Final Hearing (*i.e.*, the deadline is currently November 21, 2016), the Settlement Administrator shall file with the Court a declaration attesting that it provided the Notice required by this Order and the Agreement.

The Court finds that the form, content, and method of Notice set forth in the Agreement constitute the best practicable notice under the circumstances, are reasonably calculated to apprise the Class Members of the pendency of this action

and the terms of the proposed settlement, and satisfy the due process requirements of the Constitution of the United States, Rule 23(c)(2) of the Federal Rules of Civil Procedure, and any other applicable laws.

VIII.   <u>SETTLEMENT FUND AND PLAINTIFFS' INCENTIVE PAYMENTS</u>: The Court preliminarily approves the $18,000,000 Settlement Fund as a fair, reasonable and adequate settlement of Plaintiffs' claims on behalf of the Class Members. The Court also preliminarily approves the incentive payments that will be sought by Plaintiffs to be paid from the Settlement Fund.

IX.   <u>CLASS CERTIFICATION</u>: The Court preliminarily finds that, for settlement purposes only, the Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

X.   <u>EXCLUSIONS</u>: Any Class Member may request to be excluded from the Class by mailing a letter or other writing containing that request. The Request for Exclusion should be sent by first class mail to the Settlement Administrator and contain the Class Member's full name, address, telephone number, and e-mail address if available. The Request for Exclusion shall be postmarked no fewer than thirty (30) days prior to the Final Hearing (*i.e.*, the deadline is currently November 4, 2016). The Settlement Administrator shall provide a list of only the names of each Class Member who submitted a valid Request for Exclusion to the parties' counsel no later than fifteen (15) days prior to the Final Hearing (*i.e.*, the deadline is currently November 20, 2016). All updated identifying information may be

6

provided to Plaintiffs' counsel upon request but not to defense counsel, as per the Agreement.

XI.    OBJECTIONS TO THE AGREEMENT: Any Class Member may object to the terms of the Agreement, including, but not limited to, the benefits to be paid to the Class under the Agreement, Class Counsel's application for attorneys' fees and litigation expenses, and the Class Representatives' service payments by filing a written objection with the Court no later than thirty (30) days prior to the Final Hearing (*i.e.,* the deadline is currently November 4, 2016).  Objections are deemed filed on the date when the Court receives them. Copies of any objections must be mailed to Class Counsel and PRA's counsel at the time they are filed with the Court. The written objection must include the Class Member's name, address, telephone number, e-mail address (if available), the reason for the objection, whether the objector intends to appear at the Final Hearing, and if so, whether they will appear pro se or through counsel, and list all cases in which the Class Member has made any objection to a class action settlement in the last five years. The objection must include any evidence supporting the objection. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

XII.    MOTION FOR PLAINTIFFS' INCENTIVE AWARDS AND AWARD OF ATTORNEYS' FEES AND COSTS: Class Counsel shall move for approval of  (A) Plaintiffs' incentive awards and (B) an award for attorneys' fees and expenses no

7

later than sixty (60) days before the Final Hearing (*i.e.,* the deadline is currently October 6, 2016). Class Counsel may file any supplemental brief in support of such motions and any brief in opposition or response to any objection) no later than seven (7) days prior to the Final Hearing (*i.e.*, the deadline is currently November 28, 2016). The motion for final approval of incentive awards and motion for attorneys' fees shall be posted on the website of the Claims Administrator so that they may be reviewed by any member of the Class or any other person.

XIII.    <u>FINAL APPROVAL MOTION</u>: Class Counsel shall file a motion for final approval of settlement no later than sixty (60) days before the Final Hearing (*i.e.,* the deadline is currently October 6, 2016). Class Counsel may file any supplemental brief in support of such final approval motions and any brief in opposition or response to any objection no later than seven (7) days prior to the Final Hearing (*i.e.*, the deadline is currently November 28, 2016).

XIV.    <u>FINAL HEARING</u>: The Court shall conduct a hearing (the "Final Hearing") on **December 5, 2016, at 2:30 p.m.**, in Courtroom 13B of the United States District Court for the Southern District of California, 333 West Broadway, San Diego, California, 92101. The Final Hearing may be rescheduled or continued by the Court without further notice to the Class Members. At the hearing, the Court will consider the following issues: (A) Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23; (B) Whether the proposed settlement is fundamentally fair, reasonable,

adequate, and in the best interest of the Class Members and should be approved by the Court; (C) Whether the order granting final approval of class action settlement and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and (D) Such other issues as the Court deems appropriate. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action Settlement Agreement. However, Class Members wishing to be heard are required to submit a notice of intention to appear at the Final Hearing.

XV.    <u>STAY ON FURTHER ACTIONS AGAINST PRA</u>: Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Agreement, no Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against the Released Parties. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and

//

//

//

//

//

9

1   effect, and the Parties' rights and defenses shall be restored, without prejudice, to

2

3   their respective positions as if the Agreement had never been executed and this

4   order never entered.

5             IT IS SO ORDERED.

6

7   Dated:        June 23, 2016

8                                 THE HONORABLE JOHN A. HOUSTON
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28