UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md02295 JAH-BGS<br><br>Member cases:<br>   All member cases<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTIONS TO EXCLUDE AS MOOT**<br>**[Doc. Nos. 673, 850, 885]** |

Pending before the Court are Defendant's motion for summary judgment (Doc. No. 850) and motions to exclude (Doc. Nos. 673, 885). For the reasons discussed below, the Court GRANTS Defendant's motion for summary judgment and DENIES Defendant's motions to exclude as moot.

## DISCUSSION

**I. Motion for Summary Judgment**

**A. Legal Standard**

Summary judgment is properly granted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P.

56(a). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the party moving for summary judgment does not bear the burden of proof at trial, as here, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id*. at 325. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the non-moving party's claim. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989). "Rather, the motion may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for the entry of judgment, as set forth in Rule 56(c), is satisfied." *Lujan*, 497 U.S. at 885 (quoting *Celotex*, 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insufficient. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 990-91 (9th Cir. 1991). A material fact is one that is relevant to an element of a claim or defense and the existence of which might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson*, 477 U.S. at 248).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475

1  U.S. at 587.  "Credibility determinations, the weighing of evidence, and the drawing of
2  legitimate inferences from the facts are jury functions, not those of a judge, [when] ... ruling
3  on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

**B. Analysis**

Defendant argues it is entitled to summary judgment because Plaintiffs are unable, as a matter of law, to demonstrate that any of Defendant's calling technologies constitute an automatic telephone dialing system ("ATDS") under the Telephone Protection Act ("TCPA").  Specifically, Defendant argues there can be no TCPA liability where the telephone number in question was not randomly or sequentially generated, and Plaintiffs expressly disclaim that any of the numbers called were generated with a random or sequential number generator.  Defendant also contends its calling technology used to call Plaintiffs, Asimut, PRANet, and CCT, are not capable of automatic, non-manual dialing and, therefore, Plaintiffs cannot meet their burden to show Defendant used an ATDS to place those calls.  Defendant further argues Plaintiff cannot recover treble damages because there was no violation and, Defendant was at all times acting on a "reasonable interpretation" that the TCPA required random or sequential dialing and did not know that the Asimut technology it used to call Plaintiffs could be considered an ATDS.

In opposition, Plaintiffs contend the Court should limit the issues of the summary judgment motion to common issues relating to the nature of Defendant's telephone dialing systems and the only issue before the Court is whether there is a genuine issue of material fact as to the nature of Defendant's telephone dialing systems.  They argue Defendant fails to demonstrate the dialing systems do not use a random or sequential number generator to store numbers in the dialing process.  They further contend Defendant's argument that its systems did not have the ability to randomly or sequentially generate telephone numbers is not relevant because Plaintiffs argue Defendant's system had the ability to store numbers using a random or sequential number generator.

This Court previously determined, based upon the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021), the definition of an autodialer under the

1  TCPA does not concern systems that randomly or sequentially store and dial numbers from
2  a list that is generated in a non-random and non-sequential way. *See* Order Denying Plas'
3  Application to Conduct Discovery at 6-7 (Doc. No. 843). Plaintiffs disagree with the
4  Court's determination. Since the Court's previous decision and during the pendency of the
5  instant motion for summary judgment, the Ninth Circuit has concluded that "an 'automatic
6  telephone telephone dialing system' must generate and dial random or sequential telephone
7  numbers under the TCPA's plain text." *Borden v. eFinancial, LLC*, 53 F4th 1230, 1233
8  (9th Cir. 2022); *see also Brickman v. United States*, 56 F.4th 688 (9th Cir. 2022).
9       Plaintiffs provide no evidence that the numbers called were randomly or sequentially
10 generated and, in fact, acknowledge they were not. *See* Amended Complaint ¶¶ 25, 37
11 (Doc. No. 484) (Plaintiffs' allegation that the numbers dialed were obtained from skip-
12 tracing services.); Motion to Open Discovery Hearing Transcript 3:12–15 (Doc. No. 804)
13 ("Obviously, this is a debt collection type cause so they're not making up ten-random digits
14 of numbers; they have a database of numbers and they are calling from that database list.").
15 Accordingly, the undisputed evidence demonstrates Defendant did not utilize an ATDS
16 and, therefore, Defendant is entitled to judgment.

17 **II. Motions to Exclude**

18      Defendant moves to exclude testimony of Plaintiffs' expert Randall Snyder pursuant
19 to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrel-Dow Pharmaceuticals*,
20 509 U.S. 579 (1993). Because the Court finds the undisputed evidence demonstrates
21 Defendant did not utilize an ATDS based on Plaintiffs' acknowledgment that the numbers
22 dialed were not randomly or sequentially generated, and, therefore, does not reach any
23 issue as to which the testimony is relevant, the Court denies Defendant's motions to
24 exclude as moot.

25                               **CONCLUSION AND ORDER**
26      Based on the foregoing, **IT IS HEREBY ORDERED**:
27      1.     Defendant's motion for summary judgment (Doc. No. 850) is **GRANTED**;
28      2.     Defendant's motions to exclude (Doc. Nos. 673, 885) are **DENIED as moot**;

3. The Clerk of Court shall enter judgment accordingly.

DATED: July 5, 2023

_____
JOHN A. HOUSTON
United States District Judge

11md02295 JAH-BGS